Shaw, C. J.
This is an action to recover dower, the only-question in which relates to the sufficiency of the demand. This question depends on the power of attorney made by the plaintiff to Keyes Danforth, seven years before it was acted upon, which appears to be defective in not naming the deceased, in right of whom, as widow, the demandant claimed dower. We do not, however, place the decision of the case on that ground, but on the ground that the power itself is wholly defective. The authority given is, “to demand my just right of dower to be assigned to me, in any and all of the before-mentioned premises or any other.” What premises ? This is the whole of the paper, and none are mentioned. One of two conclusions must be drawn from this, either that a description was intended to be inserted or annexed, which was not done, and so the instrument is inchoate and incomplete; or that the paper produced was written upon or annexed to another paper, and constituted a material part of it, from which it has been separated; and that such separation is a material alteration, which invalidates the instrument. The demandant executed another power to the same attorney, two years later, authorizing him to compound for her right of dower, in which paper she recites the former instrument, as one authorizing the attorney to demand “ my just right of dower to be assigned to me in certain premises in said instrument described and referred to.” This is so far from operating as a confirmation or ratification of the former paper, that it rather has a contrary tendency, to show that the paper actually executed by her must have been different from the one now produced, by showing that the former contained a description of the premises, or a definite reference to some other existing document. The terms, “ or any other,” added to the word “premises” in the first paper, add nothing to its mean* ing, no premises being described.

Judgment for the tenant.